**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| International Franchise Solutions LLC and Dan Olsen<br><br>                Plaintiffs,<br><br>v.<br><br>BizCard Xpress LLC, et al.,<br><br>                Defendants.<br><br>BizCard Xpress LLC,<br><br>                Counter Claimant,<br><br>v.<br><br>International Franchise Solutions LLC,<br><br>                Counter Defendant. | No.  CV13-0086 PHX DGC<br><br>**ORDER** |

Before the Court is the motion to dismiss filed by Plaintiff and Counter Defendant International Franchise Solutions LLC ("IFS"). Doc. 13. Defendant and Counter Claimant BizCard Xpress LLC ("BizCard") filed a response (Doc. 17) and a motion to amend the counterclaim (Doc. 18). IFS filed a reply to its motion and a response to Bizcard's motion to amend. Doc. 23. The Parties have not requested oral argument. For reasons stated below, the Court will grant BizCard's motion and will grant in part and deny in part IFS' motion.

## I.  Background.

BizCard's business consists of selling, training and developing franchises that operate retail businesses providing printing and sign services. BizCard's Countercl., Doc. 6, ¶¶ 6-7. In late 2011, BizCard representatives met IFS representatives and learned that IFS and its affiliate, Franchise Growth Systems ("FGS"), specialize in franchise start-up and expansion. *Id.*, ¶¶ 9-10. On January 27, 2012, BizCard and IFS entered into a Franchise Development and Sales Agreement ("the Agreement"). Doc. 1-1, ¶ 8; Answer, Doc. 6, ¶ 10. BizCard was dissatisfied with IFS' services and terminated the Agreement after an initial payment. BizCard's Countercl., Doc. 6, ¶ 25. IFS then commenced this action in Maricopa County Superior Court. Doc. 1-1. BizCard removed to this Court (Doc. 1), and filed an answer and counterclaim asserting the following causes of action:  (1) breach of contract, (2) negligence, (3) negligent misrepresentation, (4) intentional misrepresentation/fraud in the inducement, (5) breach of implied covenant of good faith and fair dealing, and (6) unjust enrichment. Doc. 6.

## II.  BizCard's Motion to Amend.

BizCard filed its motion to amend within the deadline set in the March 25, 2013, Case Management Order. Doc. 24. It seeks to change the caption of Count IV of the Counterclaim from "Intentional Misrepresentation" to "Fraud in the Inducement," add additional factual allegations to the fraud in the inducement claim, and add a request for the remedy of rescission. Doc. 18 at 1-2. Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Ninth Circuit has noted that "Rule 15's policy of favoring amendments should be applied with extreme liberality." *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (citation omitted). A court may deny a motion to amend, however, if there is a showing of undue delay or bad faith on the part of the moving party, undue prejudice to the opposing party, or futility of the proposed amendments. *Foman v. Davis,* 371 U.S. 178, 182 (1962).

IFS argues that BizCard's amended counterclaim would be futile because the proposed amendments do not cure the defects in the original counterclaim. Doc. 23 at

1-2. Specifically, IFS submits that like the original intentional misrepresentation claim, the amended fraud in the inducement claim arises out of representations amounting to mere commercial puffery. *Id.* at 4. IFS does not articulate other arguments with respect to BizCard's motion to amend.[1]

The proposed amendment is not futile. "Arizona courts have repeatedly held that a claim for fraud may not be based on subjective characterizations of value, which are regarded as mere puffing." *Larkey v. Health Net Life Ins. Co.*, 1CA-CV 11-0523, 2012 WL 2154185, *3 (Ariz. Ct. App. June 14, 2012) (citing *Law v. Sidney,* 53 P.2d 64, 66 (Ariz. 1936) (stating that fraud "cannot be predicated upon the mere expression of an opinion or upon representations in regard to matters of estimate or judgment"; "'seller's statements' or 'puffing,' do not amount to actionable misrepresentations"). But IFS' statement that it "had sophisticated, unique, and proprietary mapping software that created customized franchise territories for each client that optimized the short- and long-term economic value of each franchise system" (BizCard's Countercl., Doc. 6, ¶ 11; *see also id.*, ¶ 47) is not mere puffery. The reference to "sophisticated" may constitute a subjective characterization, but "unique" and "proprietary" do not. The latter adjectives provide a description of a product for which the truth or falsity can be precisely determined. BizCard alleges that "the Mapping Software was nothing more than a standard, off-the-shelf commercially available software program with no unique or customized features that give franchise systems any special ability to customize their franchise territories to maximize their short- or long-term economic value" (*id.*, ¶ 13), and that IFS did not have a "unique, and proprietary" mapping software (*id.*, ¶ 49). Because such allegations assert more than mere puffing, the Court will grant BizCard's motion to amend.

---

[1] IFS does argue, however, that "[i]f BizCard is permitted to amend its Complaint to add the claim for fraudulent inducement, it should be required to remove all statements constituting mere commercial puffery." Doc. 23 at 5. The Court does not agree.

- 3 -

### III. IFS' Motion to Dismiss.

#### A. Legal Standard.

When analyzing a complaint for failure to state a claim to relief under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and therefore are insufficient to defeat a motion to dismiss for failure to state a claim, *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010). To avoid a Rule 12(b)(6) dismissal, the complaint must plead enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

#### B. Economic Loss Doctrine.

Arizona's economic loss rule may limit a contracting party to its contract remedies for the recovery of economic losses unaccompanied by physical injury to persons or other property. *Flagstaff Affordable Hous. Ltd. P'ship v. Design Alliance, Inc.*, 223 P.3d 664, 667 & 669 (Ariz. 2010) (expanding the economic loss rule to construction defect cases "because construction-related contracts are negotiated between the parties on a project-specific basis and have detailed provisions allocating risks of loss and specifying remedies."). Whether the economic loss rule applies depends on "context-specific policy considerations" and "the underlying policies of tort and contract law." *Id.* at 669. IFS contends that the economic loss rule bars BizCard's three tort claims – negligence, negligent misrepresentation, and fraud in the inducement – because the claims seek purely economic losses arising from a contract. Doc. 13 at 5. BizCard argues that the economic loss doctrine does not apply outside the context of product liability and construction defect claims. Doc. 17 at 6-7. Additionally, BizCard submits the Court should not dismiss the claims "until it has been definitively established that there is a binding contract between the parties under which BizCard can recover." *Id.* at 8.

The facts established by BizCard's answer and counterclaim (Doc. 6) preclude

BizCard from proceeding with its negligence claim. BizCard has admitted to entering into the Agreement with IFS in January of 2012 (Doc. 1-1, ¶ 8; Answer, Doc. 6, ¶ 10), and has admitted that under the Agreement IFS was to provide BizCard with franchise development services (Doc. 1-1, ¶¶ 8-10; Answer, Doc. 6, ¶¶ 10-12). BizCard's negligence claim alleges that "IFS breached the duties it owed to BizCard by, among other things, failing to provide customized franchise territory mapping software/services; to competently provide franchise consulting or sales services *promised in the Agreement*; and/or in some instances to provide them at all." BizCard's Countercl., Doc. 6, ¶ 35 (emphasis added). The counterclaim's reference to "The Agreement" is to the same Franchise Development and Sales Agreement mentioned above. *Id.*, ¶ 14; *see also id.*, ¶ 15 (referring to "the Agreement"). As the pleadings stand, BizCard cannot proceed in the alternative on a negligence theory dependent on a duty derived from the Agreement that BizCard has conceded exists and governs the subject matter of the alleged duty.

The same is true with respect to BizCard's negligent misrepresentation counterclaim. BizCard alleges that "Mr. Olsen said if BizCard *became a client*, he and his team at IFS and FGS would carefully study the core of BizCard's business so they could understand it in a meaningful way that would allow them to help BizCard achieve its full economic potential" (*id.*, ¶ 38) (emphasis added), that "Mr. Olsen and IFS made these representations to induce BizCard to enter into the Agreement" (*id.*, ¶ 42), and that "BizCard relied upon Mr. Olsen's and IFS' representations in deciding to enter the Agreement" (*id.*, ¶ 43). The subject of the alleged misrepresentation relates to the "certain franchise development, franchise sales and other franchise-related services" (Doc. 1-1, ¶ 9; Answer, Doc. 6, ¶ 11), services that IFS was to provide under the Agreement.

BizCard and IFS' pleadings establish that a contract existed between the Parties, under which IFS was to provide BizCard with franchise-related services in exchange for payment from BizCard. The contract law policy of upholding the expectations of the parties would be undermined by allowing BizCard's tort claims to proceed. *See*

*Flagstaff*, 223 P.3d at 669. The economic loss rule limits BizCard to contractual remedies with respect "to the subject of the parties' contract," *see Cook v. Orkin Exterminating Co., Inc.*, 258 P.3d 149, 153 n. 6 (Ariz. Ct. App. 2011) (applying the economic loss rule to dismiss negligent misrepresentation claims related to the subject of the parties' contract).

The above analysis does not necessarily apply to BizCard's fraud in the inducement claim. BizCard alleges that "Mr. Olsen and IFS made these representations to induce BizCard to enter into the Agreement" (BizCard's Countercl., Doc. 6, ¶ 50), that "BizCard reasonably relied upon Mr. Olsen's and IFS' representations in deciding to enter the Agreement" (*id.*, ¶ 51), and "As a direct and proximate consequence of the BizCard's reliance on Mr. Olsen's and IFS' intentional misrepresentations, BizCard has sustained pecuniary losses" (*id.*, ¶ 52). Although the inducement and misrepresentation stem from the same contract as the other tort claims, it is not clear that the economic loss doctrine will bar the claim. The Arizona Court of Appeals has held that the economic loss doctrine can bar fraud in the inducement claims, *see Maricopa Inv. Team, LLC v. Johnson Valley Partners LP*, 1CA-CV 12-0047, 2012 WL 5894849 (Ariz. Ct. App. Nov. 23, 2012), but not if such claims seek to rescind or reform the contract induced by fraud. *Id.* at *2. Because the amended counterclaim requests the remedy of rescission (Doc. 18 at 2), the economic loss rule may not bar BizCard's claim.

### C. Failure to Plead Fraud with Specificity.

IFS argues that BizCard's fraud in the inducement claim should be dismissed because it fails to plead the elements of fraud with particularity. Doc. 13 at 9. The original counterclaim does not allege materiality or ignorance of the falsity of the statements (BizCard's Countercl., Doc. 6, ¶¶ 45-52), but the amended counterclaim has remedied these pleading deficiencies (Doc. 18 at 1-2). The Court will deny IFS' motion to dismiss the fraud in the inducement claim on this ground.

**IT IS ORDERED:**

1. IFS' motion to dismiss (Doc. 13) is **granted** with respect to the negligence

1 | and negligent misrepresentation claims and **denied** with respect to the fraud
2 | in the inducement claim.
3 | 2. BizCard's motion to amend (Doc. 18) is **granted**.
4 | 3. IFS's motion for ruling (Doc. 29) is **found to be moot**.
5 | Dated this 16th day of May, 2013.

*/s/ David G. Campbell*
David G. Campbell
United States District Judge